IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA EADS,** | |
| **Plaintiff,** | |
| v. | Case No. 25-CV-01555-SPM |
| **CITY OF COLLINSVILLE &** **VILLAGE OF MARYVILLE,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court are two Motions to Dismiss: one filed by the Defendant City of Collinsville and one filed by the Defendant Village of Maryville. (Docs. 13, 14). Having been fully informed of the issues presented, both Motions to Dismiss are **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Plaintiff Patricia Eads's challenge of four municipal ordinances which restricted the possession of certain weapons and related devices. On July 1, 2025, Plaintiff filed her Complaint pursuant to 42 U.S.C. § 1983 in the Third Judicial Circuit in Madison County, Illinois. (Doc. 1, Ex. A). The Complaint alleged that ordinances enacted by Defendant City of Collinsville, §§ 9.28.010(c) and (e), and Defendant Village of Maryville, §§ 137.01(A)(5) and (A)(7),[1] violated her

---

[1] Plaintiff's Complaint incorrectly listed these sections as 137.01(a)(5) and (a)(7) (*see* Doc. 1, Ex. 1 ¶¶ 25, 28, 30, 36), but no such sections exist, (*see* Doc. 14, Ex. 2).

Second Amendment rights as incorporated against the states by the Fourteenth Amendment. (*Id*.). Specifically, she alleges that section 9.28.010(c) unlawfully prohibits the carriage or possession of pepper spray; that section 9.28.010(e) unlawfully prohibits the carriage or possession of a firearm at any location which sells intoxicating beverages and at certain public events; that section 137.01(A)(5) unlawfully prohibits the concealed carry or possession in a vehicle of a stun gun; and that section 137.01(A)(7) prohibits the possession of a silencer. (*Id.*, Ex. A. ¶ 5, 18, 24, 30).

On August 8, 2025, Defendants timely removed the action pursuant to 28 U.S.C. §§ 1441 and 1443. (Doc. 1 ¶ 4). After filing their Notice, Defendants repealed the ordinances at issue. (Doc. 13, p. 6 (citing *id.*, Ex. C); Doc. 14, p. 6 (citing *id.*, Ex. C)). Defendants then moved to dismiss the Complaint, contending that Plaintiff lacked standing and that the repeal of the ordinances rendered the matter moot.[2] (Docs. 13, 14). Plaintiff responded that she retained standing, and that the controversy remained live. (Doc. 16). In the alternative, she argued that if the Court found federal jurisdiction to be lacking, only remand, not dismissal, would be appropriate since a lack of jurisdiction would make the removal improper. (*Id.*).

---

[2] Defendants advance their standing and mootness arguments under both Rule 12(b)(1) and Rule 12(b)(6). (Doc. 13 pp. 3–6; Doc. 14 pp. 4–6). However, because questions of standing and mootness implicate a federal court's subject matter jurisdiction under Article III, *see Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 813–14 (7th Cir. 2018), such arguments are properly analyzed under Rule 12(b)(1), *see Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Accordingly, the Court will proceed with Defendants' arguments solely under Rule 12(b)(1).

## LEGAL STANDARD

A defendant utilizes a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss to raise the defense that the court lacks subject matter jurisdiction. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citing FED. R. CIV. P. 12(b)(1)). This defense can take the form of a facial or a factual attack on the plaintiff's allegations. *See Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). A facial attack tests whether the allegations, taken as true, support an inference that the elements of standing exist. *See id.* In this way, a facial attack does not challenge the alleged facts themselves. *Bazile*, 983 F.3d at 279. But a factual attack does, testing the existence of jurisdictional facts underlying the allegations. *See id.*

Accordingly, if a defendant challenges the facial sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. *Apex Digital*, 572 F.3d at 443–44. But where a complaint is "facially sufficient but external facts call the court's jurisdiction into question, [the Court] 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital*, 572 F.3d at 444).

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Article III of the United States

Constitution confers on federal courts jurisdiction over "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. Article III jurisdiction requires that the parties maintain a personal stake in the litigation through all stages of the proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations and quotations omitted). This "personal stake" in the suit must exist "not only at the outset of litigation, but throughout its course." *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1063 (7th Cir. 2021) (quoting *Camreta v. Greene*, 563 U.S. 692, 701 (2011)).

The closely related doctrines of standing and mootness derive from Article III's limitation of judicial power. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). The standing doctrine addresses whether, at the inception of the litigation, the plaintiff had suffered a concrete injury that could be redressed by action of the court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Mootness addresses whether the plaintiff continues to have such a stake throughout the course of the litigation. *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 929 (7th Cir. 2013). In clarifying how standing and mootness interact, the Supreme Court characterized mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). Accordingly, the absence of standing at the commencement of suit or the loss of a live controversy through mootness deprives federal courts of subject matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).

Defendants moved to dismiss, contending that the Court lacks subject matter jurisdiction over Plaintiff's claims. (Doc. 13, pp. 5–6; Doc. 14, pp. 5–6). They argue that Plaintiff both lacks standing, and that her claims are now moot. (Doc. 13, pp. 3–6; Doc. 14, pp. 4–6). Each argument will be addressed in turn.

## I.   Standing

Beginning with standing,[3] Defendants contend Plaintiff lacks standing because she was neither prosecuted under the ordinances nor threatened with prosecution and thus suffered no injury in fact.[4] (Doc. 13 pp. 4–5; Doc. 14 p. 5). The Court disagrees.

To establish Article III standing, a plaintiff must demonstrate an injury in fact that is concrete, particularized, and actual or imminent, that is fairly traceable to the defendant's conduct, and that is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560–61. An injury in fact only exists when a plaintiff shows that they have sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct, and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). When a plaintiff seeks prospective relief from a harm not yet incurred, they must establish that they are immediately in danger of sustaining some direct injury. *Bell v. Keating*, 697 F.3d 445, 451 (7th Cir. 2012). A

---

[3] The Court may address standing and mootness in any order it chooses. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023). In this case, it chooses to proceed with standing.

[4] Defendants' do not challenge the facts as alleged, but rather the Plaintiff's legal conclusion that those facts establish an injury in fact. (*See* Docs. 13, 14). Accordingly, their motion constitutes a facial attack under Rule 12(b)(1), which requires the Court to accept all well-pled factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Apex Digital*, 572 F.3d at 443–44.

plaintiff who wishes to engage in conduct arguably protected by the Constitution but criminalized by statute sufficiently demonstrates an immediate risk of injury. *Id.*

Here, Plaintiff's Complaint challenges four separate municipal ordinances—the City of Collinsville's ordinances 9.28.010(c) and (e), and the Village of Maryville's ordinances 137.01(A)(5) and (A)(7)—as violative of her rights under the Second Amendment as incorporated against the states by the Fourteenth Amendment. (Doc. 1, Ex. A). These ordinances prohibit the possession of pepper spray, firearms in certain locations, stun guns, and silencers. The Second Amendment extends to all instruments that constitute "bearable arms." *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008). While not unlimited, the right secured by the Second Amendment includes those weapons in common use that are typically possessed by law-abiding citizens for lawful purposes. *Id.* at 624–26. Courts have recognized that pepper spray, firearms, stun guns, and silencers are at least arguably protected by the Constitution. *See, e.g.*, *Avitabile v. Beach*, 368 F. Supp. 3d 404, 409 (N.D.N.Y. 2019); *Moore v. Madigan*, 702 F.3d 933, 934 (7th Cir. 2012); *Caetano v. Massachusetts*, 577 U.S. 411, 412 (2016); *Bevis v. City of Naperville*, 85 F.4th 1175, 1228 (7th Cir. 2023) (Brennan, J., dissenting); *Barnett v. Raoul*, 756 F. Supp. 3d 564 (S.D. Ill. 2024), *judgment entered*, No. 23-CV-00141-SPM, 2024 WL 5707234 (S.D. Ill. Dec. 9, 2024).

Because Plaintiff alleges that she wishes to engage in conduct arguably protected by the Second Amendment but criminalized by the challenged ordinances, she has demonstrated an immediate risk of injury sufficient to establish injury in fact. Accordingly, this Court holds that Plaintiff had standing at the time of filing.

## II. Mootness

Turning to mootness, Defendants argue that the repeal of the challenged ordinances renders all of Plaintiff's claims moot.[5] (Doc. 13, pp. 5–6; Doc. 14, pp. 5–6). Once again, this Court disagrees.

A case is moot, and federal courts lack subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 297 (2000). Mootness precludes review when a party with standing at the inception of the litigation loses it due to intervening events. *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010).

Where mootness is premised on voluntary cessation of the challenged activity, a defendant must show that there is no reasonable expectation the activity will resume following adjudication. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). When cessation takes the form of repeal, however, the burden shifts. In such cases, it is the plaintiff who must provide "evidence indicating that the challenged law likely will be reenacted." *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 n.7 (7th Cir. 2003) (citing *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)). This is because "the repeal of a challenged statute is one of those events that

---

[5] Defendants' mootness argument rests on facts that arose *after* the filing of the Complaint, namely the repeal of the challenged ordinance, to argue that no live controversy remains. (Doc. 13, pp. 5–6; Doc. 14, pp. 5–6). Because the Court must consider this extrinsic fact in assessing jurisdiction, Defendants' argument, therefore, constitutes a factual attack under Rule 12(b)(1). *Apex Digital*, 572 F.3d at 444. As such, the court may properly look beyond the jurisdictional allegations of the Complaint and consider whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id.*

makes it absolutely clear that the allegedly wrongful behavior . . . could not reasonably be expected to recur," and "the mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *Id.* (citation modified).

Whether repeal renders a plaintiff's claims moot depends on the type of relief sought. If a plaintiff seeks only declaratory and injunctive relief, repeal of the challenged law moots those claims. *Markadonatos v. Village of Woodridge*, 760 F.3d 545, 546 (7th Cir. 2014); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 474 (1990); *Diffenderfer v. Cent. Baptist Church of Miami, Inc.*, 404 U.S. 412, 415 (1972) (per curiam). If, however, a plaintiff pairs requests for declaratory and injunctive relief with claims for damages, repeal does not deprive a federal court of jurisdiction. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608–09 (2001). Even if said damages are merely nominal,[6] such a request is sufficient by itself to sustain Article III jurisdiction. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021).

Here, it is undisputed that the challenged ordinances have been repealed. (*See* Docs. 13, 14, 16). Plaintiff has not alleged facts suggesting Defendants are likely to reenact them or adopt substantially similar provisions. (*See* Doc. 1, Ex. A). Accordingly, Plaintiff's claims for injunctive and declaratory relief are moot.

---

[6] It is unclear whether Plaintiff's request for damages—$20.00 per count, for a total value of $80.00—is rightfully considered nominal or compensatory. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ($1.00 is the norm for nominal damages); *Moore v. Liszewski*, 838 F.3d 877, 878 (7th Cir. 2016) (nominal damages rarely exceed $2.00); *but see Quainoo v. City of Huntsville*, 611 Fed. Appx. 953, 955 (11th Cir. 2015) (nominal damages can range from $1.00 to $100.00).

However, because Plaintiff also seeks damages, (*see id.*, ¶¶ 12, 14, 22, 28, 36), those claims remain live and are not rendered moot by the Defendants' repeal of the challenged ordinances. *See Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 799 (7th Cir. 2016) (citing B*uckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608–09 (2001)). Therefore, Defendants' Motions to Dismiss must both be denied.

## CONCLUSION

For the reasons set forth above, both Motions to Dismiss filed by the Defendants City of Collinsville (Doc. 13) and Village of Maryville (Doc. 14) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 12, 2025**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
